WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Javier Laborin Rodriguez,<br><br>    Plaintiff,<br><br>v.<br><br>United States of America, et al.,<br><br>    Defendants. | No. CV-24-00049-TUC-RM<br><br>**ORDER** |

Pending before the Court is Defendant United States of America's Motion to Dismiss. (Doc. 11.) Plaintiff has filed a Response (Doc. 14) and a Supplemental Response (Doc. 16) to the Motion, and Defendant has filed a Reply (Doc. 15). For the following reasons, the Court will deny the Motion.

**I.    Background**

Plaintiff alleges that on January 25, 2021, a U.S. Customs and Border Protection ("CBP") agent struck him and ran him over with a government vehicle. (Doc. 1.) Based on this alleged incident, Plaintiff asserts claims of negligence and negligence per se against Defendant United States of America ("Defendant") pursuant to the Federal Tort Claims Act ("FTCA"). (*Id.*) The parties agree that Plaintiff timely submitted an administrative tort claim to CBP in accordance with the FTCA's exhaustion requirement, and that CBP denied the claim in writing on July 25, 2023. (Doc. 11 at 2, 4; Doc. 14 at 2.) The docket reflects that Plaintiff's Complaint was filed on January 26, 2024. (Doc. 1.)

In its Motion to Dismiss, Defendant contends that Plaintiff's Complaint was filed one day after the FTCA's six-month limitations period expired. (Doc. 11 at 4.) Defendant argues that because the untimeliness of Plaintiff's suit is apparent on its face, the Court should dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*Id.* at 4.)

## II.     Legal Standard

A district court may dismiss a claim under Federal Rule of Civil Procedure Rule 12(b)(6) on the basis that it is barred by the applicable statute of limitations "only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal quotations omitted). Dismissal is not appropriate unless it is evident "beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).

Under the FTCA, a tort claim against the United States must be filed in federal court "within six months after the date of mailing" of the relevant federal agency's notice of denial of the claim. 28 U.S.C. § 2401(b); *see also United States v. Wong*, 575 U.S. 402, 405 (2015) (stating that an FTCA claim must be "brought to federal court 'within six months' after the agency acts on the claim") (quoting 28 U.S.C. § 2401(b)).[1]

However, "[t]he limitations periods in 28 U.S.C. § 2401(b) are subject to the doctrine of equitable tolling." *Redlin v. United States*, 921 F.3d 1133, 1141 n.9 (9th Cir. 2019) (citing *Wong*, 575 U.S. at 411). To be entitled to equitable tolling, a litigant must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (internal quotations omitted).

---

[1] Section § 2401(b) states in full:
> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

## III. Discussion

There is no dispute that CBP mailed Plaintiff a notice of final denial on July 25, 2023 (Doc. 11 at 2, 4; Doc. 14 at 2), and that Plaintiff's Complaint was not filed until January 26, 2024 (Doc. 11 at 2, 5; Doc. 14 at 1, 6). Therefore, Plaintiff's Complaint is untimely because it was filed one day after the statute of limitations expired on January 25, 2024. Plaintiff's argument that the statutory deadline was January 26, 2024, is inconsistent with Ninth Circuit precedent. In *Redlin*, the Ninth Circuit clarified that the six-month limitations period under 28 U.S.C. § 2401(b) "begins running as soon as the agency mails its initial final notice." *Redlin*, 921 F.3d at 1139. Additionally, the Ninth Circuit upheld the district court's dismissal of the plaintiff's FTCA claim under Rule 12(b)(6) on the grounds that it was time-barred, concluding that since the agency denial letter was mailed on July 14, 2015, the complaint had to be filed by January 14, 2016, to be timely under 28 U.S.C. § 2401(b). *Id* at 1139-49.

Plaintiff argues, however, that his Complaint should be deemed timely under the doctrine of equitable tolling because he diligently pursued his rights and extraordinary circumstances prevented timely filing. (Doc. 14 at 4.) Specifically, Plaintiff explains that on January 24, 2024, his counsel's paralegal, Shawna Cole, initiated this action by uploading the Complaint, Summons, and Civil Cover Sheet via the Court's electronic filing system ("CM/ECF system"), paying the $405 filing fee, and receiving an email confirming the payment. (*Id.* at 2.) On January 25, 2024, counsel contacted Ms. Cole, who confirmed the lawsuit had been filed. (*Id.*) However, on January 26, 2024, a clerk's office employee informed Ms. Cole that the Complaint had not been successfully uploaded. (*Id.* at 2-3.) Plaintiff states that Ms. Cole immediately followed the clerk's instructions "to upload the Complaint document to the existing case that had been initiated on January 24." (*Id.* at 3.) To support these assertions, Plaintiff has submitted Ms. Cole's affidavit (Doc. 14-1; Doc. 16-4), the filing fee payment confirmation sent on January 24, 2024 (Doc. 14-2), the Civil Cover Sheet dated January 24, 2024 (Doc. 16-1), and metadata information for Plaintiff's Civil Cover Sheet and Plaintiff's Complaint

dated January 24, 2024 (Docs. 16-2; Doc. 16-3).

Defendant argues that equitable tolling is not warranted because Plaintiff was not "without fault" nor the victim of "extraordinary circumstances" beyond his control that would have prevented timely filing. (Doc. 11 at 4-6.) Defendant asserts that the filing issue resulted from "garden variety" error or negligence. (*Id.* at 5.) Thus, Defendant maintains that Plaintiff fails to satisfy either prong of the equitable tolling standard. (*Id.* at 4-6.)

The Court finds that Plaintiff satisfies both prongs for equitable tolling. First, Plaintiff has shown that he diligently pursued his rights. Ms. Cole acted reasonably by attempting to file the Complaint on January 24, 2024, the day before the statute of limitations expired. Plaintiff's counsel reasonably believed the Complaint had been successfully filed, as the filing fee was debited on January 24, 2024, and the CM/ECF system did not indicate a filing error. Upon learning of the issue on January 26, 2024, Ms. Cole promptly corrected the problem by uploading the Complaint to the existing case. These actions reflect diligent efforts to comply with the limitations period.

The Court further finds that the failure to upload the Complaint, whether due to Ms. Cole's actions or a CM/ECF system malfunction, constitutes an extraordinary circumstance beyond Plaintiff's control. In this unique situation, Plaintiff reasonably relied on the CM/ECF system's confirmation of the filing fee payment as evidence that the filing was completed. The unexpected filing failure, coupled with the lack of an immediate error notification, is a circumstance that "stood in the way" of timely filing.

Based on the preceding, the Court finds that Plaintiff is entitled to equitable tolling. Accordingly, the Court will extend the filing deadline by one day and consider Plaintiff's Complaint timely. Defendant's Motion to Dismiss (Doc. 11) will be denied.

. . . .

. . . .

. . . .

. . . .

Case 4:24-cv-00049-RM   Document 17   Filed 12/05/24   Page 5 of 5

**IT IS ORDERED** that Defendant United States of America's Motion to Dismiss (Doc. 11) is **denied**.

Dated this 5th day of December, 2024.

_____
Honorable Rosemary Márquez
United States District Judge