**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Francisco Javier Laborin Rodriguez,

Plaintiff,

v.

United States of America, et al.,

Defendants.

No. CV-24-00049-TUC-RM

**ORDER**

Pending before the Court is Defendant United States of America's Motion to Compel Plaintiff to appear in person for a deposition and independent medical examination by the United States' expert (Doc. 49), and the parties' Stipulation to Amend Scheduling Order (Doc. 54). The Court will deny as moot the Motion to Compel, and grant the Stipulation.

## I.    Motion to Compel

In the Motion to Compel, Defendant explains that due to problems with Plaintiff's immigration status, Plaintiff refused to appear for a deposition and independent medical examination on the basis that doing so may cause him to be detained by federal law enforcement.[1] (Doc. 49 at 1-5.) In Plaintiff's response to the Motion to Compel, Plaintiff explains that he was deported to Mexico shortly after Defendant's Motion to Compel was filed. (Doc. 50.) Therefore, Plaintiff states that he will now submit to being deposed in

---

[1] In the Motion to Compel, Defendants also ask the Court to enter an Order requiring the parties to submit a proposed amended scheduling order. Given that the parties have now submitted a stipulated amended scheduling order of their own volition (Doc. 54), this portion of the Motion to Compel will be denied as moot.

Mexico via videoconference or through any other arrangements that Defendant may make, and that he will also cooperate with an independent medical examination. (*Id.*) In its reply, Defendant concurs that it is now appropriate for Plaintiff to undergo his deposition via videoconference, and that Defendant is evaluating "potential arrangements for an independent medical examination since Plaintiff is now residing in Mexico." (Doc. 51.) Defendant withdraws its Motion to Compel "insofar as it asks the Court to compel Plaintiff's attendance at a deposition and independent medical examination in the United States." (*Id.*)

In the parties' Stipulation to Amend Scheduling Order, the parties explain that Plaintiff's deposition was completed via videoconference on March 11, 2026, and that Plaintiff is cooperating with the United States' independent medical expert by providing medical records and diagnostic imaging. (Doc. 54.) Since Plaintiff can no longer undergo an in-person medical evaluation in the United States, the United States' medical expert will complete a report based upon medical records only. (*Id.*) In light of the completion of Plaintiff's deposition, and because Plaintiff is cooperating with the United States' medical expert, the Court will deny the Motion to Compel as moot.

**II.    Stipulation to Amend Scheduling Order**

In their Stipulation to Amend Scheduling Order, the parties explain that the above-described challenges to completing Plaintiff's deposition and medical evaluation have delayed the completion of discovery in this case. (Doc. 54.) The parties further explain that "[o]nce the United States' medical expert's report is complete, a second expert is expected to rely on that report to opine on other matters." Therefore, additional time is needed to complete the experts' reports, as well as any other discovery, including depositions of experts and "discovery necessitated by Plaintiff's recent deposition testimony." (*Id.*) The parties request that the case management deadlines set in the Court's October 23, 2025 Order be extended by approximately four and a half months. (*Id.*) Good cause appearing, the Court will approve the Stipulation.

. . . .

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Compel (Doc. 49) is **denied as moot**.

**IT IS FURTHER ORDERED** that the parties' Stipulation to Amend Scheduling Order (Doc. 54) is **approved**. The following deadlines govern the remainder of this case:

1. The deadline for the United States to disclose all expert witnesses, exhibits, reports, and other Rule 26(a)(2) matters is **May 29, 2026**.

2. The deadline for disclosure of any rebuttal expert opinions is **June 26, 2026**.

3. The deadline for completion of all discovery, including depositions of parties, witnesses, and experts, is **July 31, 2026**.

4. The deadline to file dispositive motions is **August 28, 2026**.

5. The deadline to file a Joint Settlement Status Report is **August 28, 2026**, and every **ninety (90) days** thereafter.

6. A Joint Proposed Pretrial Order shall be filed within **thirty (30) days** after resolution of any summary judgment motions filed. If no such motions are filed, a Joint Proposed Pretrial order shall be due on or before **September 18, 2026**.

Dated this 6th day of April, 2026.

_____
Honorable Rosemary Márquez
United States District Judge

- 3 -